

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS
XXOHNXBENXSHXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Superseded by subsequent
changes in the law

Honorable A. E. Sutton
County Auditor
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. O-6273
Re: Use of machinery, equipment,
and employees of county, financed
out of county funds, for work on city
owned airport which lies outside the
city limits.

Your recent request for an opinion of this department on the above stated question has been received, and from which we quote the following:

"The City of Palestine wants one of the commissioners to use the machinery and equipment of Anderson County and the county employees who usually work on the public roads of Anderson County, to do work on the airport of the City of Palestine, which lies outside of the city limits. The City of Palestine wants the county to furnish such material and equipment free of chanrge, and wants the men employed in the work paid by Anderson County.

"Pleaseadvise me whether or not the County Commissioner can legally use the machinery and equip,ent, and employees of the county, to be furnished and paid for out of the funds of Anderson County as above explained."

It is elementary, of course that counties act through their governing bodies, the commissionrs' court, whose authority is strictly limited to the powers expressly or impliedly conferred by law.

Under Article 1269h, Vernon's Annotated Civil Statutes, either a city or a county may establish, maintain, operate, lease or sell to the Federal Government an airport, but the methods therein provided are exclusive and there is no legislative authority for the city to own the airport and the county to maitain same at the expense of the county.

In opinion No. O-5230. this department held that, legislative authority lacking, a city and county may not jointly acquire and operate an airport. I will enclose said opinion for yoir observation.

Probably, the rule that applies to and controls this case is that where a power is granted, and the method of its exercise prescribed, the prescribed method excludes all others, and must be followed. (Citizens' Bank v. City of T₀rrell, 14 S.W. 1003).

The Legislature (Article 1269h) has given to both the cities and the counties the authority to operate and maintain an airport, but this authority is for independent action on the part of either. Therefore, it is the opinion of this department that a county commissioner cannot legally use the machinery and equipment and employees of the county to be furnished and paid for out of the funds of the county for work on city owned airport, regardless of where the city airport is situated.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Jno. C. Knorpp

John C. Knorpp
Assistant

APPROVED NOV 15, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

JCK:fo: egw

Approved
Opinion Committee
By B W B
Chairman